JDN

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Bryant,<br><br>                     Plaintiff,<br><br>v.<br><br>City of Phoenix Police Department, et al.,<br><br>                     Defendants. | No.  CV-23-00528-PHX-JAT (CDB)<br><br>**ORDER** |

Plaintiff Kenneth Bryan brought this civil rights action under 42 U.S.C. § 1983 against the City of Phoenix Police Department, the City of Phoenix, and Mayor Kate Gallego. (Doc. 1-3.)[1] Before the Court are Defendants' Motion to Dismiss and Motion for Summary Disposition. (Docs. 5, 9.) The Court will grant Defendants' Motion to Dismiss, deny the Motion for Summary Disposition as moot, and terminate the action.

**I.    Background**

Plaintiff's claim stems from his arrest on February 20, 2022. (Doc. 1-3 at 3.) Plaintiff alleged that he was stopped in his vehicle by the Phoenix Police absent any probable cause, and that he did not refuse a breathalyzer, yet Phoenix Police unlawfully seized Plaintiff's blood. (*Id.*) Plaintiff alleged Fourth Amendment excessive force and unreasonable search and seizure claims, state law false arrest/false imprisonment and

---

[1] Plaintiff initiated this action in Maricopa County Superior Court, and Defendants removed the action to federal court. (Doc. 1, Maricopa County Superior Court No. CV2023-002635.)

assault and battery claims, and a claim of malicious prosecution. (*Id.* at 4.) Plaintiff sought monetary damages. (*Id.* at 5.)

On April 5, 2023, Defendants filed a Motion to Dismiss seeking to dismiss Plaintiff's Complaint on the grounds that Plaintiff's criminal claims for false arrest, false imprisonment, and assault and battery fail as a matter of law, Plaintiff failed to serve Defendant Gallego with the required notice of claim, Defendant Phoenix Police Department is a non-jural entity, Plaintiff's constitutional claims against Defendant Gallego fail as a matter of law, and Plaintiff fails to state a claim. (Doc. 5.)

On April 7, 2023, the Court issued an Order setting a briefing schedule and notifying Plaintiff that failure to respond to Defendants' Motion may be deemed a consent to the granting of the Motion without further notice. (Doc. 7.)

Plaintiff did not file a response to Defendants' Motion.

On May 17, 2023, Defendants filed a Motion for Summary Disposition, requesting that their Motion to Dismiss be granted summarily due to Plaintiff's failure to file a response. (Doc. 9.) Plaintiff did not respond to the Motion for Summary Disposition.

**II.    Discussion**

Under Local Rule of Civil Procedure 7.2(i), a party's failure to file a response to a motion may be deemed a consent to the granting of the motion and the Court may dispose of the motion summarily. *See Wystrach v. Ciachurski*, 267 F. App'x 606, 607 (9th Cir. 2008) ("[t]he court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond"); *Doe v. Dickenson*, No. CV-07-1998-PHX-GMS, 2008 WL 4933964, at *5 (D. Ariz. 2008) ("[t]he Court is entitled to treat Plaintiffs' failure to respond as waiver of the issue and consent to Defendants' argument"); *Currie v. Maricopa County Cmty. College Dist.*, No. CV-07-2093-PHX-FJM, 2008 WL 2512841, at *2 n.1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion").

Plaintiff did not respond to Defendants' Motion to Dismiss, which was filed over four months ago. Nor has Plaintiff moved for an extension of time to file a response to the Motion. Accordingly, the Court will construe Plaintiff's failure to respond as a consent to the granting of the Motion. The Motion to Dismiss will be granted, and the action will be terminated. Defendants' Motion for Summary Disposition will be denied as moot.

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 5) and Motion for Summary Disposition (Doc. 9).

(2)   Defendants' Motion to Dismiss (Doc. 5) is **granted**; the Complaint (Doc. 1-3) and this action are dismissed.

(3)   Defendants' Motion for Summary Disposition (Doc. 9) is **denied as moot**.

(4)   The Clerk of Court must enter judgment accordingly and terminate the action.

Dated this 28th day of August, 2023.

James A. Teilborg
Senior United States District Judge